UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO N. IBANEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>ELECTRIC HYDROGEN CO., et al.,<br><br>  Defendants. | Case No. 24-cv-05302-JST<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS AS MOOT**<br><br>Re: ECF Nos. 8, 16, 17, 18, 27 |

Before the Court is Defendants Electric Hydrogen Co., Electric Hydrogen Manufacturing LLC, and Raffi Garabedian's motion to dismiss, ECF No. 8, and Plaintiff Pedro N. Ibanez's motion for preliminary injunction (ECF No. 16), motion for summary judgment (ECF No. 17), motion to compel (ECF No. 18), and motion to appear by telephone (ECF No. 27). The Court will grant Defendants' motion to dismiss and deny Plaintiff's motions.

## I.   BACKGROUND

Mr. Ibanez filed this case on August 16, 2024, alleging infringement of U.S. Patent Application 18/761,178 ("'178 Application"). *See* ECF No. 1 ("Compl."). The '178 Application allegedly describes an apparatus for producing "Commercial Power and Commercial Water from oceanwater using Electrolysis, Steam Boilers, Desalination and Distillation" in which the apparatus is powered by "HUNDRED PLUS BIKES TO ROTATE 1000megawatt Dynamo." Compl. at 3–4. Mr. Ibanez alleges that this Court has subject matter jurisdiction under 35 U.S.C. § 261, which "protects an inventor's right to assign his Patent Application, even before [the] patent is granted." Compl. at 4. Mr. Ibanez further alleges Defendants Electric Hydrogen Co. and Electric Hydrogen Manufacturing have "mechanical facilities" in this district "that closely resemble the mechanical operations that are CLAIMS in Plaintiff's . . . on-going and abandoned

1  patent applications." Compl. at 2.  More specifically, Plaintiff alleges that "Defendants have
2  copied [] Claim One, Claim Two and Claim Three" of the '178 Application. *Id*. at 3.  The '178
3  Application is not publicly available and has not issued as a U.S. Patent.
4      On September 25, 2024, Defendants moved to dismiss the complaint for lack of subject
5  matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim
6  under Rule 12(b)(6). *See* ECF No. 8 ("Mot.").  Mr. Ibanez's opposition to Defendants' motion to
7  dismiss was due on October 9, 2024. *See* N.D. Cal. L.R. 7-3(a).  Mr. Ibanez filed an opposition to
8  Defendant's motion to dismiss on November 1, 2024, along with a motion for preliminary
9  injunction, motion to compel Defendants to hire a qualified patent attorney as primary counsel and
10 a motion for summary judgment. *See* ECF Nos. 16–18.

## II. LEGAL STANDARD

### A. Motion To Dismiss For Lack Of Subject Matter Jurisdiction

Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in a "facial" attack.  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6), namely by determining whether the allegations are sufficient to invoke the court's jurisdiction while accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

### B. Motion To Dismiss For Failure To State A Claim

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.  While this standard is not "akin to a 'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  (quoting *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III.    DISCUSSION

Defendants argue that Mr. Ibanez's claim for patent infringement should be dismissed for two independent reasons.  First, Defendants argue that Mr. Ibanez's failure to allege infringement of an *issued* patent divests the Court of subject matter jurisdiction.  Mot. at 11–12.  Second, Defendants argue Mr. Ibanez has failed to state a claim upon which relief may be granted.  More specifically, Defendants argue that Mr. Ibanez "does not hold an issued patent and is therefore not a patentee with the ability to seek relief under the Patent Act," and "the Complaint . . . does not allege patent infringement with the required specificity."  *Id*. at 13–14.  The Court addresses each argument in turn.

#### A.    The Court Lacks Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction because the '178 Application has not issued as a patent, and even if the '178 Application issued as a patent "during the pendency of this case, it would not retroactively confer subject matter jurisdiction on the Court."  Mot. at 12.  Mr. Ibanez does not dispute that the '178 Application has not issued as a patent and instead argues that a patent application grants an applicant exclusive patent rights under 35 U.S.C. §261.  *See* ECF No. 17 at 2.  Plaintiff's argument is not well taken.

28 U.S.C. § 1338 confers "jurisdiction of any civil action arising under any Act of Congress relating to patents" to district courts. "To demonstrate that a case is one 'arising under' federal patent law, 'the plaintiff must set up some right, title or interest under the patents laws.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807 (1988) ("Linguistic consistency . . . demands that § 1338(a) jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.").

Here, Mr. Ibanez has only alleged infringement of a pending patent *application*, but the law is clear that "the simple act of applying for a patent does not prospectively grant the applicant the full extent of the rights, protections, and privileges of holding a patent—including the right to sue under 28 U.S.C. § 1338." *Yuksel v. N. Am. Power Tech., Inc.*, 805 F. Supp. 310, 313 (E.D. Pa. 1992); *see also GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996) (affirming the district court's dismissal of plaintiff's action seeking declaratory judgment that defendant's not-yet-issued patent was invalid and not infringed, because "[t]he district court did not know with certainty whether a patent would issue or, if so, what legal rights it would confer upon [defendant]" and thus "the dispute was purely hypothetical and called for an impermissible advisory opinion"); *Med Five, Inc. v. Keith*, No. CV 07-00389 DAE-LEK, 2008 WL 4107973, at *4 (D. Haw. Sept. 3, 2008) ("Accordingly, after applying patent law, it is clear that Plaintiffs cannot maintain any patent law cause of action because no patent has issued."). Mr. Ibanez has not alleged infringement of any issued U.S. patent, and as such, the Court lacks subject matter jurisdiction.

### B. Mr. Ibanez Fails To State A Claim On Which Relief May Be Granted

Defendants argue that dismissal under Rule 12(b)(6) is appropriate because Mr. Ibanez "does not allege patent infringement with the required specificity." Mot. at 14 ("Plaintiff is not alleging that Electric Hydrogen has actually infringed on any issued patent."). The Court agrees with Defendants.

Although "[a] plaintiff is not required to plead infringement on an element-by-element

4

basis," the complaint must "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). A "plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.* Here, Mr. Ibanez has failed to allege any facts that "articulate why it is plausible that the accused product infringes the patent claim." *Id.* Mr. Ibanez's complaint makes only two brief allegations regarding Defendants' alleged infringement.[1] Neither of these statements set forth factual allegations sufficient to survive a 12(b)(6) motion.

First, Mr. Ibanez alleges that Defendants "have mechanical facilities" in San Carlos and San Jose that "closely resemble the mechanical operations that are CLAIMS in Plaintiff's . . . on-going and abandoned patent applications." Compl. at 2. This allegation, however, falls below even a "[t]hreadbare recital[] of the elements of a cause of action." *Bot M8*, 4 F.4th at 1352. Whether or not Defendants' mechanical facilities "closely resemble the mechanical operations" claimed in the '178 Application has no bearing on whether Defendants' mechanical facilities actually infringe the invention described in the '178 Application. Accepting this allegation as true does not suggest, much less plausibly show, that Defendants have infringed any claim of the '178 Application.

Second, Mr. Ibanez alleges that "[t]he actions and events perpetrated by [D]efendants . . . such as building 100megawatt electrolyzer plants in San Carlos and San Jose[,] CA will make it difficult for Plaintiff to convince any investor that [Plaintiff] originated and patented the concept using ELECTROLYSIS AND STEAM BOILERS together to make Hydrogen production cost-effective." Compl. at 4. This statement, too, fails to set forth a plausible claim for patent infringement. The Patent Act provides relief for patentees when an infringer "makes, uses, offers to sell, or sells" a patented invention during the term of the patent, but this allegation is wholly

---

[1] Mr. Ibanez also makes factual allegations regarding statements made by Paul Browning, the CEO of Mitsubishi Power America ("MPA"), but MPA is not a party to this action. Mr. Ibanez does not allege a relationship between Defendants and Mr. Browning or Defendants and MPA, and Mr. Ibanez does not otherwise explain how Mr. Browning's statements are relevant to Defendants' alleged infringement. As such, Mr. Browning's statements have no bearing on the plausibility of Defendants' alleged infringement of the '178 Application.

irrelevant to Defendants' alleged infringement of the '178 Application. Even if Defendants' mechanical facilities make it "difficult for [Mr. Ibanez] to convince any investor" that he "originated and patented using [electrolysis] and [steam boilers] together to make Hydrogen production cost-effective," that fact has no bearing on whether Defendants have infringed the '178 Application. The Court finds Mr. Ibanez has failed to set forth any factual allegations to permit the Court to conclude that it is plausible Defendants' mechanical facilities have infringed any claim of the '178 Application.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. Because the Court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiencies identified in this order, dismissal is with prejudice. *Sanchez v. Los Angeles Dep't of Transportation*, 39 F.4th 548, 562 (9th Cir. 2022). Plaintiff's motion for preliminary injunction (ECF No. 16), motion to compel (ECF No. 18), motion for summary judgment (ECF No. 17), and motion to appear by telephone (ECF No. 27) are denied as moot.

**IT IS SO ORDERED.**

Dated: December 30, 2024

_____
JON S. TIGAR
United States District Judge