UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO N. IBANEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELECTRIC HYDROGEN CO., et al.,<br><br>　　　　Defendants. | Case No. 24-cv-05302-JST<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 32 |

　　　　Pending before the Court is Plaintiff Pedro N. Ibanez's motion for reconsideration. ECF No. 32. Because there is neither a factual nor a legal basis for relief, the Court will deny the motion.

　　　　On August 16, 2024, Mr. Ibanez filed this *pro se* action accusing Defendants Electric Hydrogen Co., Electric Hydrogen Manufacturing LLC, and Raffi Garabedian of infringing U.S. Patent Application No. 18/761,178 (the "'178 Application"). *See* ECF No. 1. ("Compl."). On September 25, 2024, Defendants moved to dismiss Mr. Ibanez's complaint. ECF No. 8. On December 30, 2024, the Court granted Defendants' motion to dismiss with prejudice. ECF No. 30. The Court specifically found it lacked subject matter jurisdiction because "Mr. Ibanez only alleged infringement of a pending patent application[,]" and Mr. Ibanez failed to plausibly allege that Defendants infringed any claim of the '178 Application. *Id*. at 4–6.

　　　　Mr. Ibanez now seeks reconsideration of the Court's order of dismissal. ECF No. 32. Mr. Ibanez argues that the Court "failed to focus on the central topic of Plaintiff's complaint – which is Defendants' violation of Plaintiff's right to assign his patent application." *Id*. at 1. Mr. Ibanez's statement does not accurately characterize his complaint, which in fact brought a claim for patent infringement. Specifically, Mr. Ibanez brought an action under 28 U.S.C. § 281, ECF No. 1 at 4,

which provides a patentee with a "remedy by civil action for infringement of his patent." 28 U.S.C. § 281.  Moreover, the allegations set forth in the complaint related primarily to Defendants' alleged infringement.  *See* Compl. at 3 ("The CLAIMS of Plaintiff that Defendants have copied is Claim One, Claim Two and Claim Three in new Patent Application 18/761168.").  In light of these facts, it was appropriate for the Court to consider whether Mr. Ibanez plausibly pleaded a claim for patent infringement.

Mr. Ibanez also does not identify a legal basis for relief.  Because the Court's order of dismissal with prejudice constituted a final order, *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1275 (9th Cir. 2023), the Court considers Mr. Ibanez's motion to have been made under Rule 60(b) of the Federal Rules of Civil Procedure.  9 Wright & Miller's Federal Practice § 2368 (4th ed. 2020); *see also Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) ("Like other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b).").  Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Mr. Ibanez has not shown that he is entitled to relief under any part of the foregoing rule.

For these reasons, Plaintiff's motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated:  July 2, 2025

_____
JON S. TIGAR
United States District Judge